UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXIS RENE GOMEZ, | No. 2:15-cv-2523 KJN P |
| Plaintiff, | |
| v. | ORDER |
| D. BRAUN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's claims that Dr. Braun and Dr. Majumdar were deliberately indifferent to plaintiff's serious mental health needs, and delayed mental health care for the same, in violation of the Eighth Amendment, resulting in plaintiff's suicide attempt. By order filed May 11, 2017, plaintiff's deposition, as well as the depositions of up to three non-expert witnesses who plaintiff may identify in his deposition as having knowledge to support his claims are to be completed by June 14, 2017. (ECF No. 37.)

On June 1, 2017, plaintiff filed a motion requesting the appointment of counsel and a Spanish interpreter for the limited purpose of representing him at his deposition and the depositions of the three non-expert witnesses. Plaintiff also asks the court to postpone his deposition and the three non-expert witness depositions until after the court reconsiders his request for appointment of counsel and a Spanish interpreter. Plaintiff claims that an interpreter

1

is necessary because plaintiff and at least one of his non-expert witnesses do not speak fluent English. In addition, plaintiff claims he is currently on medication due to anxiety and high levels of stress, and is concerned he may make an improper statement in his deposition.

Exhibits appended to plaintiff's pleading reflect the following.

On January 3, 2012, plaintiff was diagnosed with moderate depression, single episode, and no psychosis reported; GAF[1] was 61. (ECF No. 10 at 14.) On January 30, 2012, plaintiff was diagnosed with mild depression, single episode, no psychosis reported; GAF of 60. (ECF No. 10 at 16.)

On February 21, 2012, plaintiff was diagnosed with mild depression, single episode, GAF was 59. (ECF No. 10 at 18.) On February 27, 2012, plaintiff denied any hallucinations or depersonalizations. (ECF No. 10 at 20.) Plaintiff was diagnosed with alcohol, cannabis and nicotine dependencies in full remission in a controlled environment; and, "per chart," adjustment disorder with depressed mood vs. . . . major depressive disorder (single episode, mild); rule out personality disorder NOS with prominent cluster B traits, and noted severe psychosocial stressors, including imprisonment; GAF 65. (Id.)

On March 1, 2012, plaintiff was admitted to a mental health crisis bed, prescribed

---

[1] "GAF" is an acronym for "Global Assessment of Functioning," a scale used by clinicians to assess an individual's overall level of functioning, including the "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders with Text Revisions 32 (4th ed. 2004) ("DSM IV-TR"). A GAF of 61-70 indicates some mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school function (e.g, occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships. Id. A GAF of 51-60 indicates moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school function (e.g., few friends, conflicts with peers or co-workers.) Id. A 41-50 rating indicates serious symptoms such as suicidal ideation, severe obsessional rituals, or serious impairment in social, work, or school functioning. A GAF of 31-40 indicates: "Some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home, and is failing at school.)" Id. A GAF of 21-30 indicates: "Behavior is considerably influenced by delusions or hallucinations OR serious impairment in communication or judgment (e.g., sometimes incoherent, acts grossly inappropriately, suicidal preoccupation) OR inability to function in almost all areas (e.g., stays in bed all day; no job, home, or friends)." Id.

psychotic medications, and his GAF score was 26.  (ECF No. 10 at 8.)  On March 14, 2012, plaintiff was diagnosed as having a qualifying mental disorder, assigned to the EOP level of care, prescribed psychotropic medications, and his GAF score was 45.  (ECF No. 10 at 10.)  On March 22, 2012, plaintiff was diagnosed with moderate depressive disorder, recurrent, moderate without psychotic features, and assigned a GAF of 45.  (ECF No. 10 at 12.)

All of the interdisciplinary progress notes cited above mark that effective communication with plaintiff was established by "repeated in own words," and "responses to questions."  (ECF No. 10 at 12, 14, 18, 20.)  The interdisciplinary note from February 27, 2012, also marked the response "mannerisms."  (ECF No. 10 at 20.)

Request for Interpreter

Plaintiff has not shown that this court has the authority to appoint him an interpreter. "[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress. . . .'"  Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976)).  The undersigned is unaware of any statute authorizing the expenditure of public funds for a court-appointed interpreter in a civil action.  The in forma pauperis statute does not authorize the expenditure of public funds for court-appointed interpreters.  See 28 U.S.C. § 1915; Loyola v. Potter, 2009 WL 1033398, at *2 (N.D. Cal. Apr. 16, 2009) ("The court is not authorized to appoint interpreters for litigants in civil cases, and, moreover, has no funds to pay for such a program."); Fessehazion v. Hudson Group, 2009 WL 2596619, at *2 (S.D. N.Y. 2009) ("[G]enerally, pro se civil litigants have no entitlement to an interpreter or translator."); Mendoza v. Blodgett, 1990 WL 263527, at *15 (E.D. Wash. Dec. 21, 1990) ("There is no specific statute which authorizes the court to appoint an interpreter in civil in forma pauperis actions."); compare Fed. R. Civ. P. 43(d) (granting a trial judge discretion to appoint an interpreter for trial).

Moreover, the record reflects that plaintiff has sufficient proficiency with the English language to prepare an original and an amended complaint, and to pursue his claims in this action. See Velez v. Burge, 2009 WL 3459744, *2 (W.D. N.Y. Oct. 20, 2009) (denying pro se plaintiff's request for appointment of an interpreter because the record showed that the plaintiff had

3

sufficient proficiency with the English language to prosecute the claims asserted in the complaint). While Spanish may be plaintiff's primary language, there is no indication in the record that plaintiff is unable to prepare court papers and to communicate with the court. See Cisnevas-Garcia v. Shipman, 2010 WL 3491359, at *5 (N.D. N.Y. Aug. 31, 2010). None of plaintiff's exhibits noted a language barrier, or indicated that plaintiff required a translator in order to communicate with mental health professionals.

Therefore, plaintiff's request for a court-appointed interpreter is denied.

Request for Appointment of Counsel

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's June 1, 2017 motion (ECF No. 38) is denied without prejudice.

Dated: June 7, 2017

/gome2523.31

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4