UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NEXIS RENE GOMEZ,

    Plaintiff,

v.

D. BRAUN, et al.,

    Defendants.

No. 2:15-cv-2523 KJN P

ORDER

I. Introduction

    Plaintiff is a state prisoner, proceeding without counsel. Defendants Braun and Majumdar filed a motion for summary judgment on September 14, 2017. On October 11, 2017, plaintiff was granted until November 6, 2017, in which to file his opposition to the motion for summary judgment. On October 30, 2017, plaintiff filed a document styled, "Request for Production of Documents Necessary to Effectively Oppose Defendant's [sic] Motion for Summary Judgment." (ECF No. 46.) On November 6, 2017, plaintiff filed a motion for a 90 day extension of time to file an opposition. (ECF No. 47.) The court addresses these requests as set forth below.

    A. Request for Discovery

    Initially, plaintiff is reminded that discovery requests are to be propounded to parties, not the court. (ECF No. 42.) Moreover, under the court's scheduling order, discovery closed on April 21, 2017. (ECF No. 34.) On May 11, 2017, the discovery deadline was extended to

September 14, 2017, limited solely to discovery motions relative to the depositions of plaintiff and his three non-expert witnesses who plaintiff may identify in his deposition. (ECF No. 37.) Thus, at the time plaintiff filed his recent request, discovery was closed.

B. Request Under Rule 56(d)

In his request for production of documents, he seeks a copy of his deposition transcript, a copy of the mental health policies and procedures in effect at High Desert State Prison in early 2012, a redacted copy of the contract that CDCR had with Dr. Majumdar in early 2012, and any record containing information regarding the contacts that Dr. Braun made to the scheduler mentioned in defendants' statement of undisputed facts 8, 12, and 18, including the scheduler's name and present address of employment. (ECF No. 46 at 1-2.) Plaintiff argues that such information is necessary to effectively oppose the pending motion for summary judgment, and points to specific statements made in defendants' statement of undisputed facts in support of their motion. Plaintiff claims "he never had access to prior discovery" because "he recently suffered a crisis of psychological stress and anxiety which prevented him [from] fil[ing] his motion for first request of documents on time when discovery was available to him pursuant to the Court's Scheduling Order of January 4, 2017." (ECF No. 46 at 2.)

Rule 56(d) Standards

Rule 56(d) permits a party opposing a motion for summary judgment to request an order deferring the time to respond to the motion and permitting that party to conduct additional discovery upon an adequate factual showing. See Fed. R. Civ. P. 56(d) (requiring party making such request to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."); Local Rule 260(b) ("the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary."). A Rule 56(d) affidavit must identify "the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).

"Though the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly

in cases involving confined pro se plaintiffs. Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988). Thus, summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim." Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004). "The burden is on the nonmoving party, however, to show what material facts would be discovered that would preclude summary judgment." Klingele, 849 F.2d at 412; see also Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995) ("The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists."). Moreover, "'[t]he district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past.'" Conkle, at 914 (quoting California Union Ins. Co. v. American Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990).

Discussion

First, plaintiff's request is not signed under penalty of perjury. Thus, the court cannot construe his filing as an affidavit or declaration under Rule 56(d).

Second, his request is contradictory and unclear. He claims he "recently"[1] suffered a crisis, yet the scheduling order issued in January of 2017. Moreover, defendants sought to modify the discovery deadline on April 17, yet plaintiff filed no opposition or request of his own. Finally, on June 8, 2017, plaintiff filed a request for production of documents, yet he mentioned no crisis or other explanation for his delay. Plaintiff failed to provide specific information as to when he initially suffered the alleged crisis, the nature of the crisis, or any evidence demonstrating he sought and received treatment for an alleged crisis.

Third, as to plaintiff's request for his deposition, plaintiff is advised that there is no statutory requirement for the government to provide a litigant proceeding in forma pauperis with copies of a deposition transcript. See 28 U.S.C. § 1915(d). See also Whittenberg v. Roll, 2006 WL 657381 at *5 (E.D. Cal. Mar. 15, 2006) (denying plaintiff's motion to compel defendant to

---

[1] In his June 1, 2017 motion for appointment of counsel, signed on May 25, 2017, plaintiff stated he was "currently on medication suffering from anxiety and high levels of stress." (ECF No. 38 at 2.) But no additional information was provided.

provide him with a copy of the deposition transcript free of charge). Moreover, under Rule 30(f)(3) of the Federal Rules of Civil Procedure, the officer before whom a deposition is taken must provide a copy of the transcript to any party or to the deponent upon payment of reasonable charges therefor. Id. Thus, the court will not order the court reporter, defense counsel, or the defendant to provide plaintiff with a copy of his deposition transcript without charge. Plaintiff must obtain the deposition transcript from the officer before whom the deposition was taken on June 18, 2017. See Boston v. Garcia, 2013 WL 1165062 at *2 (E.D. Cal. Mar. 20, 2013) (denying plaintiff's request for a court order directing the defendant to provide him with a copy of his deposition transcript). Moreover, plaintiff was present at his deposition and is therefore aware of the testimony he gave.

Fourth, plaintiff fails to explain what specific facts the requested discovery would reveal, or why those facts would preclude summary judgment. Rather, plaintiff merely points to statements made by defendants. This is insufficient to support a request under Rule 56(d).

For all of these reasons, plaintiff's request for discovery under Rule 56(d) is denied without prejudice.

C. Second Request for Extension of Time

Subsequently, plaintiff filed a second request for extension of time in which to file his opposition to the motion for summary judgment. He seeks an additional 90 days, until February 5, 2018, pending the court's ruling on his request for discovery, as well as his inquiry to the court reporter asking to obtain a copy of the deposition transcript, as well as inquiring as to its cost. (ECF No. 47 at 4, 11.) It is unclear whether plaintiff has the resources needed to obtain a copy of his deposition transcript. However, in an abundance of caution, plaintiff is granted an extension of time until February 5, 2018 in which to file his opposition to the motion. No further extensions of time will be granted.

II. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for production of documents (ECF No. 46) is denied as untimely;

////

2. Plaintiff's request for discovery under Rule 56(d) (ECF No. 46) is denied without prejudice;

3. Plaintiff's motion for extension of time (ECF No. 47) is granted; and

4. Plaintiff is granted up to an including February 5, 2018, to file an opposition to the motion for summary judgment. Defendants' reply, if any, shall be filed within fourteen days thereafter.

Dated: November 14, 2017

/gome2523.56d

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE