UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NEXIS RENE GOMEZ,

    Plaintiff,

    v.

D. BRAUN, et al.,

    Defendants.

No. 2:15-cv-2523 MCE KJN P

ORDER

Plaintiff is a state prisoner, proceeding without counsel. On July 19, 2018, the undersigned recommended that defendants' motion for summary judgment be granted. On September 6, 2018, under the mailbox rule, plaintiff filed a motion to file a second amended complaint. Plaintiff seeks leave to name the scheduler who allegedly delayed plaintiff's appointment with Dr. Majumdar. (ECF No. 56 at 2.) Plaintiff claims he was unaware of the scheduler's direct participation until the defendants filed their motion for summary judgment on September 14, 2017. (Id.)

Plaintiff's motion to amend was filed after the September 14, 2017 deadline for filing all pretrial motions (except motions to compel discovery). (ECF No. 37.) Plaintiff did not timely move to modify the scheduling order. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992) (although some courts have construed motions to amend the complaint as a motion to amend the scheduling order, the Ninth Circuit has "suggested the contrary.")

1

Moreover, although Rule 15(a)(2) of the Federal Rules of Civil Procedure states that the court should "freely give leave [to amend] when justice so requires," the liberal amendment standard gives way when a motion for leave to amend is filed after the scheduling deadline imposed by the court. See AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 952 (9th Cir. 2006) ("[the] tardy motion had to satisfy the more stringent "good cause" showing required under Rule 16," citing Mammoth Recreations, Inc., 975 F.2d at 607-08). The primary consideration in the good cause analysis is the diligence of the party seeking amendment.

Plaintiff also fails to show diligence. Plaintiff did not move to amend the pretrial motions deadline, or to amend his pleading, as soon as he learned, on or about September 14, 2017, about the scheduler's alleged involvement. Instead, plaintiff waited almost a year before filing the instant motion to amend.[1]

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to amend (ECF No. 56) is denied as untimely.

Dated: September 17, 2018

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/gome2523.mta

---

[1] On November 14, 2017, the undersigned denied without prejudice plaintiff's untimely and improperly-filed October 25, 2017 discovery request, finding the unverified request did not comport with Rule 56(d) of the Federal Rules of Civil Procedure, and was contradictory and unclear. (ECF No. 48.) In the discovery request, plaintiff did not allege that he sought the scheduler's name and address so that plaintiff could seek relief against the scheduler, but claimed he needed such information to oppose defendants' motion for summary judgment. Plaintiff did not renew or clarify his request, or file a proper verified request under Rule 56(d). Rather, plaintiff filed an opposition to the motion for summary judgment on February 5, 2018.